**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **QUANTUM BEHAVIORAL HEALTH, LLC**, *et al.*, | |
| Plaintiffs, | Civil Action No. 23-2483 (ZNQ) (JBD) |
| v. | **OPINION** |
| **TOWNSHIP OF BERKELEY**, *et al.*, | |
| Defendants. | |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for an Order to Show Cause filed by Plaintiffs Quantum Behavioral Health, LLC ("Quantum") and Allard21, LLC ("Allard21") (collectively, "Plaintiffs"). ("Motion", ECF No. 10.) Plaintiffs filed a brief in support of the Motion. ("Moving Br.", ECF No. 10-2.) Defendants Township of Berkeley (the "Township") and Berkeley Township Zoning Board of Adjustment (collectively, "Defendants") have not yet filed an opposition. In light of the emergent relief sought by the Motion, the Court will address it without the benefit of Defendants' response.

The Court has carefully considered the Plaintiffs' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Plaintiffs' Motion for an Order to Show Cause.

1

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs initiated the instant matter on May 5, 2023 by filing a Complaint against Defendants. ("Compl.", ECF No. 1.) For the purposes of this Motion, the Court will briefly outline the relevant facts set forth in the Complaint.

Quantum and its affiliates are currently licensed to provide substance use disorder treatment in New Jersey, California and Florida. (Compl. ¶ 25.) Allard21 owns the Property[1] for which Quantum will be the operator. (*Id.* ¶ 28.) Plaintiffs' proposed patients and residents are recovering alcoholics or addicts with disabilities who are in need of high-quality treatment and housing during their transition from substance use disorders to rehabilitation to integrated community living. (*Id.*) Defendant Township of Berkeley is a New Jersey municipal corporation and a public entity. (*Id.* ¶ 31.)

Quantum is an affiliate of Allard21 and is licensed to provide substance use disorder treatment and seeks to operate a facility for treatment of such disorders on the Property. (*Id.* ¶ 4.) Plaintiffs allege that "Defendants unlawfully yielded to the prejudices and fears of neighbors about the presumed harm that people with disabilities would bring to their neighborhood . . . resulting in ongoing loss and denial of treatment services and housing for individuals with disabilities in and around the Township." (*Id.* ¶ 2.) In furtherance thereof and as required by the Township, Plaintiffs filed applications with the Township's Zoning Officer for a Zoning Permit and then to the Board of Adjustment for a use variance and site plan approval to obtain approvals to repurpose the Nursing Home building on the Property. (*Id.* ¶ 5.) Plaintiffs' permit application, however, was denied, as was Plaintiffs' ability to operate on the Property. (*Id.* ¶¶ 6–7.) Plaintiffs allege that

---

[1] The property is located at 6 Allard Road, Bayville, Ocean County, New Jersey, and identified on the tax maps for the Township of Berkeley ("Property"), which has frontage and access along State Route 9 and contains a large building that formerly operated for years as a Nursing Home and Assisted Living Facility (collectively, "Nursing Home"). (*Id.* ¶ 3.)

Defendants' "decision to deny the application was arbitrary, capricious, discriminatory and contrary to law." (*Id.* ¶ 19.) Plaintiffs thereafter allege that "as a result of Defendants' unlawful actions, individuals who are suffering from substance use disorders have been denied effective and necessary drug and alcohol treatment and detoxification services." (*Id.* ¶ 21.)

Plaintiffs now seek a preliminary injunction directing Defendants to issue all zoning approvals necessary for the construction and operation of a proposed residential drug and alcohol treatment facility at the Property, and enjoining Defendants from persisting in discriminatory conduct designed to thwart the construction and operation of the Treatment Facility at the Property. (Moving Br. at 1.)

## II. LEGAL STANDARD

To obtain a preliminary injunction, the moving party must demonstrate: "(1) the reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. Moreover, the district court also should take into account, when relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *Id.* (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id.* at 777 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982)). As a threshold matter, the Court therefore considers the first two prongs together. "Only when a plaintiff has sufficiently met the first two prongs, does the Court consider the third prong relating to the possibility of harm to other parties and finally, evaluate

3

whether public interest is served by granting injunctive relief." *Tanko v. Moore*, Civ. No. 23-2187, 2023 WL 3033573, at *1 (D.N.J. April 21, 2023) (internal citation and quotation marks omitted).

### III. DISCUSSION

In this case, the Court need only analyze the second factor of the preliminary injunction analysis, because, for the reasons set forth below, the Court finds that Plaintiffs have failed to show that they will suffer irreparable harm. *See Exec. Home Care Franchising LLC v. Marshall Health Corp.*, Civ. No. 15-760, 2015 WL 1422133, at *3 (D.N.J. Mar. 26, 2015).

Plaintiffs argue that Defendants' denial of their application violated the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), 42 U.S.C. §1983, the New Jersey Constitution, the New Jersey Law Against Discrimination, N.J.S.A. 10:5–1, *et seq*. ("LAD"), and the New Jersey Municipal Land Use Law, N.J.S.A. 40:55D-1, *et. seq*. ("MLUL"). (Moving Br. at 2.)

Plaintiffs, as the moving party, "ha[ve] the burden of establishing a 'clear showing of immediate irreparable injury.'" *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020) (quoting *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011)). Irreparable injury means harm "such that legal remedies are rendered inadequate." *Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 342 (3d Cir. 2019) (citing *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997)).

Demonstrating irreparable harm is perhaps the single most important prerequisite for issuing a preliminary injunction. *Donlow v. Garfield Park Acad.*, Civ. No. 09-6248, 2010 WL 1381010, at *1 (D.N.J. Apr. 1, 2010) (internal citations omitted). The party seeking injunctive relief must demonstrate irreparable harm by "a clear showing of immediate irreparable injury." *Id*. (quoting *Florence v. Bd. of Chosen Freeholders*, 595 F. Supp. 2d 492, 514 (D.N.J. 2009)).

Before a court may issue preliminary injunctive relief, it must be convinced that the injunction is "the only way of protecting the plaintiff from [the] harm" in question. *See Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 731 (3d Cir. 2009). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat" of irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000). "Establishing a risk of irreparable harm is not enough. [Rather,] a clear showing of immediate irreparable injury is required." *Naccarati v. Wilkins Twp.,* 846 F. Supp. 405, 408 (W.D. Pa. 1993) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). In other words, the risk of irreparable harm must not be speculative. *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994). Furthermore, a court cannot find irreparable harm where a defendant's breach can be adequately remedied by monetary damages. *Peterson v. HVM L.L.C.*, Civ. No. 14-1137, 2015 WL 3648839, at *6 (D.N.J. June 11, 2015).

      Here, Plaintiffs argue that "even if irreparable harm is not presumed . . . Plaintiffs' goal of providing housing to a protected group would be thwarted by each passing day; [create] a shortage of housing for the protected group; [force] persons interested in occupying the housing . . . to look elsewhere rather than wait; and monetary damages would not adequately compensate [P]laintiffs." (Moving Br. at 39.) Unfortunately, Plaintiffs make no showing in support of their bald assertions. They do not identify how many would-be patients would be denied housing nor what the impact a housing shortage would have. Also notably absent from Plaintiffs' submission is any information as to the availability of treatment at competing facilities. On this record, the Court is therefore compelled to find that Plaintiffs have failed to make a "*clear* showing of immediate irreparable injury." *See Donlow*, 2010 WL 1381010, at *1 (emphasis added); *see also Veritas Recovery Ctr.*

5

*v. City of South Amboy*, Civ. No. 23-2420, 2023 WL 3260400, at *3 (D.N.J. May 4, 2023) (denying the plaintiff's preliminary injunction request for failure to establish irreparable harm).

In reaching its conclusion, the Court is mindful that New Jersey, indeed the entire country, is grappling with addiction. Still, this does not relieve Plaintiffs of their obligation to make a clear showing of immediate irreparable injury to obtain the extraordinary remedy of preliminary injunctive relief. In the absence of that showing, the Court must deny Plaintiffs' application.

## IV.     CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Motion for an Order to Show Cause. An appropriate Order will follow.


Date: **June 21, 2023**

                                              s/ Zahid N. Quraishi
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**